UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TONI BRATTIN & CO., INC., <br><br> Movant, <br><br> v. <br><br> MOSAIC INTERNATIONAL, LLC, et al., <br><br> Respondents. | Case No.  15-mc-80090-MEJ <br><br> **ORDER RE: MOTION FOR LEAVE TO SERVE SUBPOENAS** <br><br> Re: Dkt. No. 1 |

## INTRODUCTION

On March 23, 2015, Movant Toni Brattin & Co., Inc. filed a motion in this Court seeking an order allowing it to serve Federal Rule of Civil Procedure 45 subpoenas by means other than personal service on Respondents Mosaic International LLC, the Tonytail Company, and Ms. Mia Minnelli-Kaminski, the alleged principal and owner of co-respondents.  Dkt. No. 1.[1]  Brattin also seeks an award of costs.  *Id.*  The Court has received no response from any of the Respondents. Having considered Brattin's papers and the relevant legal authority, the Court issues the following order.

## BACKGROUND

Brattin has petitioned to cancel U.S. Trademark Registration No. 4,194,741 for the mark TONY PONY on the grounds of likelihood of confusion and the registrant's fraud on the U.S. Patent and Trademark Office in *Toni Brattin & Co., Inc. v. Mosaic International, LLC,* Cancellation No. 92056844 (the "Proceeding"), pending before the U.S. Trademark Trial and

---

[1] Brattin filed its Motion and Memorandum of Points and Authorities as one document but separately paginates its Motion and the Memorandum.  Thus, the Court refers to the Motion and Memorandum separately although they are filed at the same docket number.

United States District Court
Northern District of California

1   Appeal Board of the U.S. Patent and Trademark Office.  Kepchar Decl. ¶ 3, Dkt. No. 1-1.  The

2   TONY PONY mark is owned by Mosaic, a company Brattin believes to be formed and solely

3   owned by Ms. Mia Minnelli-Kaminski.  *Id.*  Ms. Minnelli-Kaminski is also the principal and CEO

4   of The Tonytail Company, Inc., a hair accessory company that she operates with her husband,

5   Scott.  *Id.*  While Mosaic is a party to the Proceeding, Ms. Minnelli-Kaminski and Tonytail are

6   not.  *Id.*  Brattin asserts that Tonytail has sold and continues to sell products under the TONY

7   TAIL mark that is the subject of the Proceeding.

8           As petitioner in the Proceeding, Brattin is to submit trial testimony and other evidence to

9   the Board.  *Id.* ¶ 4.  In a footnote, Brattin states that trial testimony in Board proceedings is

10  generally submitted by sworn deposition.  Mem. at 2 n.2.  Brattin has noticed the taking of trial

11  testimony in the Proceeding from Mosaic and Tonytail, through Ms. Minnelli-Kaminski.  Kepchar

12  Decl. ¶ 4.  According to Brattin, Respondents have been "completely uncooperative" and through

13  their counsel, Andrea Hence Evans, have expressly refused to appear voluntarily.  *Id.*

14          In order to obtain Respondents' testimony in the Proceeding, Brattin's counsel has now

15  taken steps to serve Respondents with subpoenas under Federal Rule of Civil Procedure 45.  *Id.* ¶

16  5.  Copies of the subpoenas were served on Mosaic's counsel, Ms. Evans, in the Proceeding.  *Id.*

17  But Ms. Evans has repeatedly declined requests to accept service of the subpoenas on behalf of

18  Respondents, and Brattin asserts that Respondents instructed Ms. Evans not to accept service.  *Id.*

19  Brattin also engaged Capitol Process Services, Inc., Washington, D.C., to serve such subpoenas to

20  Mosaic and Tonytail through Ms. Minnelli-Kaminski.  *Id.*  Capitol Process Services made

21  attempts to serve Ms. Minnelli-Kaminski on several occasions between November 13, 2014 and

22  January 11, 2015.  *Id.*; *see also* Affidavits of Attempted Service, *attached to* Kepchar Decl.  These

23  attempts were unsuccessful.  Among other things, Brattin contends that Ms. Minnelli-Kaminski's

24  husband forcefully removed a process server from Mosaic's and Tonytail's offices in Pleasant

25  Hill, California, and that Ms. Minnelli-Kaminski feigned absence from the Pleasant Hill facility

26  when a process server requested her presence.  Mem. at 2.

27          As a result of the difficulty in obtaining Respondents' trial testimony, Brattin has moved

28  the Board for an extension of the trial schedule and later to suspend the proceeding.  Kepchar

United States District Court
Northern District of California

2

1   Decl. ¶ 6.  Both motions were granted.  *Id.*

2       Brattin now seeks an order from this Court permitting it to serve Respondents with the

3   subpoenas by a means other than personal service.  Mot. at 1.  Specifically, Brattin seeks an order

4   (1) allowing it to effect service of trial testimony subpoenas on the date Brattin sends a copy of the

5   subpoenas by overnight courier addressed to Mosaic and Tonytail's place of business and serving

6   copies of the subpoenas on opposing counsel, Ms. Evans, in the Proceeding; and (2) awarding

7   Brattin costs it incurred as result of Respondents' evasion of personal service and in bringing this

8   Motion.  *Id.* Brattin served this motion on Respondents by overnight delivery.  Proof of Service,

9   Mem. at 6.

10      Brattin did not provide the Court with copies of the subpoenas it seeks to serve.

**DISCUSSION**

11

12  **A.       Service by Alternative Means**

13      The issue before the Court is whether Respondents may be served with subpoenas for their

14  trial testimony in the Proceeding before the Patent and Trademark Office ("PTO") by means other

15  than personal service.  As an initial matter, the Court has subpoena authority under 35 U.S.C. § 24,

16  which provides in pertinent part:

17          The clerk of any United States court for the district wherein
            testimony is to be taken for use in any contested case in the Patent
18          and Trademark Office shall, upon the application of any party
            thereto, issue a subpoena for any witness residing or being within
19          such district, commanding him to appear and testify before an
            officer in such district authorized to take depositions and affidavits,
20          at the time and place stated in the subpoena. The provisions of the
            Federal Rules of Civil Procedure relating to the attendance of
21          witnesses . . . shall apply to contested cases in the Patent and
            Trademark Office.
22

23  35 U.S.C. § 24.  Furthermore, section 24 states that "a judge of a court whose clerk issued a

24  subpoena may enforce obedience to the process" of such a subpoena.  *Id.*  Although the Ninth

25  Circuit has not yet considered this statute, other Circuits have held that "Congress granted district

26  courts subpoena authority under 35 U.S.C.[] § 24 to command the appearance of witnesses in

27  administrative proceedings before the PTO."  *Rosenruist-Gestao E Servicos LDA v. Virgin Enters.*

28  *Ltd.*, 511 F.3d 437, 444 (4th Cir. 2007) (citing *Frilette v. Kimberlin*, 508 F.2d 205, 207 (3d Cir.

*United States District Court*
*Northern District of California*

1975) (en banc); and *Vogel v. Jones*, 443 F.2d 257, 259 (3d Cir. 1971)).  Therefore, while "the [Trademark Trial and Appeal Board of the PTO] lacks the authority to compel witnesses through the subpoena power to appear for testimony," district courts have power to enforce such subpoenas.  *Id.* (citations omitted).[2]

Thus, the question is whether this Court has the power issue orders relating to service of the subpoenas and over these Respondents.  First, section 24 notes that the district's clerk shall issue "a subpoena for any witness residing or being within such district," indicating that the subpoena may issue to any person living, having their place of residence, or physical presence in the district.  In this case, Brattin has indicated that Mosaic and Tonytail share a business address at 3266 Buskirk Avenue, Pleasant Hill, California, 94523.  Mot. at 1 n.1.  Brattin also attached Affidavits of Service of Process showing Ms. Minnelli-Kaminski's address to be at 1427 Vine Lane, Alamo, California 94507.  *See* Affidavits of Attempted Service, *attached to* Kepchar Decl. & ¶ 5; *see also* Proof of Service, Mem. at 6.  Given this evidence, the Court finds that the subpoenas were properly issued in this District.

Second, as noted in the statute, courts apply the Federal Rules of Civil Procedure in enforcing the Court's subpoena power.  *See* 35 U.S.C. § 24.  Although section 24 does not explicitly give courts the power to modify the service requirements for subpoenas, the statute's reference to the Federal Rules of Civil Procedure indicates that the Court has the power to issue a subpoena under those Rules.  As no party has contested this point, the Court finds that section 24 implicitly imbues the Court powers as provided for by the Federal Rules of Civil Procedure.

The Court now considers the merits of Brattin's request.  Brattin issued its subpoenas pursuant to Rule 45, which "command[s] each person to whom it is directed to . . . attend and testify" at a trial or deposition.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  Rule 45(b) requires "delivering a

---

[2] The Federal Circuit has also recently noted that 35 U.S.C. § 24 only applies to "contested" cases, as explicitly provided for by the statute.  *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1322 (Fed. Cir. 2013) ("We construe the term 'contested case,' as used in section 24, as referring to a proceeding in which the PTO has provided for the taking of depositions for use in that proceeding.").  As Brattin has indicated through its counsel's declaration that the Proceeding was previously set for trial and that Brattin sought trial testimony according to the Patent and Trademark Office's practice, the Court finds that the Proceeding is contested, and 35 U.S.C. § 24 applies.  *See* Kepchar Decl. ¶¶ 3-4.

copy to the named person," which has been widely interpreted to mean personal service.  Fed. R.

Civ. P. 45(b)(1); *Prescott v. Cnty. of Stanislaus*, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012)

(collecting cases where majority of courts interpret "delivering" to require personal service).

While the Ninth Circuit does not appear to have had many opportunities to construe the service

requirement of Rule 45, it has indicated that personal service is preferred in the unpublished

decision of *Chima v. U.S. Dep't of Defense*, 23 Fed. App'x. 721, 724-25 (9th Cir. Dec. 14, 2001)

("service by mail rather than by personal service" of subpoenas duces tecum on defense witnesses

held improper).

While these cases are compelling, they address a slightly different situation from this

case—namely, they consider whether to compel a witness to comply with a subpoena served by

means other than personal service.  *See Prescott*, 2012 WL 10617; *Chima*, 23 F. App'x at 724-25.

This situation is different.  In advance, Brattin seeks leave of Court to serve these Respondents by

alternative service.

Courts have permitted parties to serve Rule 45 subpoenas by alternative methods of service

other than personal service.  *See, e.g.*, *Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *1-2

(S.D.N.Y. Jan. 3, 2000) (authorizing alternative service of the subpoena after numerous failed

attempts to effectuate personal service); *Dhillon v. Does 1-10*, 2013 WL 5367783, at *2 (N.D. Cal.

Sept. 25, 2013) (permitting Google to serve each entity or person whose information is sought

with a copy of the subpoena "using any reasonable means, including written notice sent to the

entity's or person's last known address, transmitted either by first-class mail or overnight

service."); *Smash Pictures v. Does 1-265*, 2012 WL 761936, at *3 (E.D. Cal. Mar. 7, 2012)

(permitting service "using any reasonable means, including written notice sent to the subscriber's

last known address, transmitted either by first-class mail or via overnight service, or by e-mail

notice."); *see also Green v. Baca*, 2005 WL 283361, at *1 n.1 (C.D. Cal. Jan. 31, 2005) (noting

that to "constru[e] Rule 45 to require personal service would render superfluous that part of the

rule which states that proof of service is accomplished 'by filing with the clerk of the court . . . a

statement of the date *and manner* of service.'"  Fed. R. Civ. P. 45(b)(3) (emphasis in case)); *King

v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997) ("the court sees no reason for

United States District Court
Northern District of California

5

requiring in hand delivery so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness"); *cf. Cartier v. Geneve Collections, Inc.*, 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) (agreeing "with the reasoning of a growing number of courts that have held that 'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service[,]" but refusing to grant application for alternative service where plaintiffs failed to provide evidence showing their diligence in attempting to effectuate personal service).  This Court agrees that the Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service.

Brattin has provided sufficient evidence that it has consistently attempted to effectuate service on Ms. Minnelli-Kaminski, the owner of Mosaic and the CEO of Tonytail.  As noted above, it has sent process servers to these companies' place of business on two occasions and to Ms. Minnelli-Kaminski's residence on four more occasions.  None of these attempts at personal service were successful.  Under these circumstances, the Court finds that Rule 45 should be construed as provided in Rule 1 "to secure the just, speedy, and inexpensive determination of every action," which would allow for alternate means of service.  *See, e.g.*, *Cordius Trust*, 2000 WL 10268, at *2 (citing Fed. R. Civ. P. 1).

Service by certified mail comports with due process as it is reasonably calculated under the circumstances to provide Respondents with both notice and an opportunity to present objections. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Therefore, the Court grants Brattin leave to serve Repondents with the subpoenas by sending written notice to the entity's or person's last known address, transmitted either by first-class mail or overnight service. Brattin must also serve copies of those subpoenas by first-class mail or overnight service on opposing counsel, Ms. Evans.

**B.     Awarding Costs**

Brattin also requests that the Court order Respondents to reimburse Brattin for the costs it incurred as a result of Respondents' actions in evading personal service of the subpoenas and in connection with this Motion.  Mem. at 4-5.  Brattin cites one case from this District in support of

its request, but that case is inapposite. *Id.* at 4 (citing *Ashman v. Solectron Corp.*, 2008 WL 5071101, at *2 (N.D. Cal. Dec. 1, 2008)). *Ashman* notes that "[a] federal court has inherent power to impose sanctions 'to prevent abuses, oppression, and injustice[.]'" *Ashman* 2008 WL 5071101, at *2 (citation omitted). However, it does not consider whether a court may award costs when a party has been unable to effectuate personal service; rather, the court considered whether to sanction the plaintiff for the theft of his employer's documents in violation of his employment agreement. *Id.* at *1. Brattin has failed to support its argument that such an award is permitted on these grounds.

Even if an award of costs was technically available here, the Court declines to order such an award here. Brattin has not provided an itemization of the costs it seeks to have Respondents reimburse, and the Court will not blindly issue such an Order. Brattin's request is **DENIED**.

## CONCLUSION

In light of the foregoing the analysis, the Court hereby **GRANTS** Brattin's request for alternative service of the Rule 45 subpoenas. Within the next 30 days, Brattin shall serve Repondents with the subpoenas by sending written notice to the entity's or person's last known address, transmitted either by first-class mail or overnight service. Brattin must also serve copies of those subpoenas by first-class mail or overnight service on opposing counsel, Ms. Evans.

Brattin's request for an award of costs and an order requiring Respondents to reimburse Brattin for costs associated with serving the subpoenas and this Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 9, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

7